# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| MARK A. ESTRADA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:09CV00021 AGF |
| | ) | |
| JAMES BARNES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Mark Estrada (registration no. 1023788), an inmate at Farmington Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $34.91. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will order plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average

monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $174.54, and an average monthly balance of $38.23. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $34.91, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief

that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff originally filed this case with two other prisoner plaintiffs. See Georgeoff v. Barnes, 2:09CV14 ERW. The Court found that plaintiffs could not file jointly under Rule 20 and ordered the Clerk to open a new, separate case for each plaintiff in that case. In a later order, the Court found that the complaint did not comply with the Rules 8 or 10 of the Federal Rules of Civil Procedure and ordered Georgeoff to submit an amended complaint. Id.

The Court will order plaintiff to submit an amended complaint. First, it is necessary for plaintiff to set forth the facts as they relate to his claims for relief.

Second, the original complaint does not comply with Rules 8[1] or 10[2] of the Federal Rules of Civil Procedure.

Plaintiff shall have thirty days from the date of this Memorandum and Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces all previous complaints, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). The amended complaint must comply with the Federal Rules of Civil Procedure. If plaintiff fails to timely file an amended complaint, or if the complaint fails to comply with the Federal Rules of Civil Procedure, the Court will dismiss the complaint pursuant to Rule 41(b). See Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988).

Accordingly,

---

[1] Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). "The clear purpose of the rule is to give notice to the other party and not to formulate issues or fully summarize the facts involved." Clausen & Sons, Inc. v. Theo. Hamm Brewing Co., 395 F.2d 388, 390 (8th Cir. 1968).

[2] Rule 10 of the Federal Rules of Civil Procedure states, "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . ." Fed. R. Civ. P. 10(b). The manner in which the original complaint was parsed did not promote clarity because there were far too many counts.

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $34.91 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in compliance with this Order, no later than thirty days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint, or if the complaint fails to comply with the Federal Rules of Civil Procedure, the Court will dismiss the complaint pursuant to Rule 41(b).

So Ordered this 19th Day of May, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE